**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E Verduzco, | No. CV-23-01060-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| US Attorney, District of Arizona, et al., | |
| Defendants. | |

Plaintiff Susana Verduzco, who is representing herself, has filed an application to proceed without prepaying fees and costs. (Doc. 2.) The Court finds Plaintiff lacks the means to pay the fees and costs associated with this action and grants her application. Having done so, the Court must screen her complaint to ensure it states a claim to relief.

District courts "shall dismiss" a case proceeding on a fee waiver if "at any time the court determines" that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). To state a claim on which relief may be granted, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court's task is "to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most

favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and are not, therefore, factual matter grounding a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

Plaintiff brings a suit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which under some circumstances authorizes a private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. Two defendants—the United States Attorney's Office for the District of Arizona and the United States Department of Justice—must be dismissed because they are federal agencies, rather than federal officers, and cannot be held liable under *Bivens*. *See F.D.I.C. v. Mayer*, 510 U.S. 471, 484-86 (1994). The third defendant, United States District Judge Dominic Lanza, is immune from any actions taken in his official capacity, and the complaint contains no allegations that Judge Lanza acted outside his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff therefore has failed to state a claim to relief. Because no further factual allegations will change the fact that federal agencies are not federal officers, or that judges cannot be sued for their actions as judges,

**IT IS ORDERED** that Plaintiff's application to proceed without prepaying fees and costs (Doc. 2) is **GRANTED** but her complaint (Doc. 1) is **DISMISSED**. The Clerk is directed to terminate this case.

Dated this 14th day of June, 2023.

Douglas L. Rayes
United States District Judge